**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

RUDY GARCIA DOMINGO,

Petitioner,

v. No. 1:25-cv-00979-DHU-GJF

DORA CASTRO, in official capacity, Facility Administrator of Otero County Processing Center; MARY DE ANDA-YBARRA, in official capacity, Field Office Director of ICE's El Paso Field Office; TODD M. LYONS, in official capacity, Acting Director of ICE; KRISTI NOEM, in official capacity, Secretary of the U.S. Department of Homeland Security; and PAM BONDI, in official capacity, Attorney General of the United States,

Respondents.

**ORDER AND FINAL JUDGMENT**

THIS MATTER comes before the Court on Petitioner Rudy Garcia Domingo's Petition for a Writ of Habeas Corpus ("Petition"). Doc. 1. Petitioner argues that Respondents have re-detained him without a pre-deprivation hearing in violation of the Due Process Clause of the Fifth Amendment. *Id.* at 11-26, 38. Petitioner also alternatively argues that his continued detention without the possibility of a bond hearing violates the Immigration and Nationality Act ("INA"). *Id.* at 26-35, 38-39.[1] He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody, or, alternatively, ordering Respondents to provide him with a bond hearing pursuant to 8 U.S.C. § 1226(a) within seven (7) days. *Id.* at 40. Having considered the

[1] Petitioner also argues that Respondents have violated the Administrative Procedure Act ("APA"). *Id.* at 39. However, because the Court is granting Petitioner's Petition on his Due Process claim, the Court "declines to address th[is] remaining claim[] of error." *Scott v. Mullin*, 303 F.3d 1222, 1232 (10th Cir. 2002).

parties' briefs, the record, and the relevant law, the Court **GRANTS** Petitioner Rudy Garcia Domingo's Petition for a Writ of Habeas Corpus.

## I. BACKGROUND

The Court previously discussed the relevant facts of this case in its Order Granting Petitioner's Motion for a Temporary Restraining Order ("TRO"). Doc. 7. The parties have not provided additional facts since that Order, and the briefing period has passed. Accordingly, the Court incorporates the facts in the Order Granting Petitioner's Motion for TRO here.

1. Petitioner Rudy Garcia Domingo is a noncitizen from Guatemala who arrived in the United States on May 23, 2016, as an unaccompanied minor. Doc. 2-7. Upon entry, Petitioner encountered border immigration officials, who detained him and subsequently transferred him to the custody of the Office of Refugee Resettlement ("ORR"). *Id.* at 4; Doc. 2-8 at 4.

2. Approximately three months later, on August 23, 2016, ORR released Petitioner from immigration custody to his father. Doc. 2-8 at 3. The statute that governs the detention of unaccompanied minors encountered at the border, the Trafficking Victims Protection and Reauthorization Act ("TVPRA"), provides that, in making custody determinations, ORR should consider "danger to self, danger to the community, and risk of flight." 8 U.S.C. § 1232(c)(2)(A). In releasing him, ORR determined that Petitioner was not a danger to the community or a flight risk. *See* Doc. 2-20 at 3 (listing danger to self, danger to the community, and runaway risk as ORR placement conditions)*; see also Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1176, 1178 (N.D. Cal. 2017) ("ORR may release the minor to a "sponsor" . . . so long as the minor is not dangerous . . . Release [therefore] reflects a determination by the government that the noncitizen is not a danger to the community or a flight risk.").

3. Following Petitioner's release from immigration custody, Petitioner moved to Homestead, Florida, with his father. Doc. 2-8 at 3. He established a life there. He went to high school. Doc. 2-4 at 3. He met his partner and raised three children—two that are his and a third that is his partners from a previous relationship. *Id.* at 3. He worked in landscaping and agriculture. *Id.* at 2. He filed a timely asylum application, obtained counsel, attended his immigration hearings, and otherwise pursued his case. Doc. 2 at 15; Doc. 2-9.

4. Approximately nine years later, on August 20, 2025, Petitioner was re-detained by ICE officials after they conducted an immigration stop of a vehicle in which Petitioner was a passenger. Doc. 2-4 at 2.

5. ICE did not tell Petitioner why he was being detained. *Id.* Petitioner explained to ICE that he had a pending asylum case. *Id.* ICE eventually transferred Petitioner to the Otero County Processing Center in Chaparral, New Mexico. Doc. 2-6 at 4. Despite efforts, neither Petitioner nor his counsel were told why Petitioner was detained. Doc. 2-4 at 4; Doc. 2-14.

Petitioner subsequently filed the instant Petition, arguing that Respondents have re-detained him without a pre-deprivation hearing in violation of the Due Process Clause of the Fifth Amendment. Doc. 1 at 11-26, 38. Petitioner also alternatively argues that his continued detention without the possibility of a bond hearing violates the INA. *Id.* at 26-35, 38-39. Petitioner specifically alleges that Respondents have erroneously classified him as an applicant for admission subject to mandatory detention under 8 U.S.C. § 1225 rather than as a noncitizen under 8 U.S.C. § 1226(a) entitled to a bond hearing. *Id.* at 26-35. He requests a Writ of Habeas Corpus ordering Respondents to immediately release him from custody, or, alternatively, ordering Respondents to provide him with a bond hearing pursuant to § 1226(a) within seven (7) days. *Id.* at 40. He also

requests attorney fees and costs under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. *Id.*

Petitioner also subsequently filed a Motion for TRO, requesting the same relief. Doc. 2 at 1-2, 9. The Court held a hearing on the Motion for TRO, *see* Docs. 5 and 6, and granted the Motion after finding that Petitioner was substantially likely to succeed on the merits of his claims, that he faced irreparable harm in detention, and that the balance of the equities and the public interest weighed in favor of emergency relief, s*ee* Doc. 7 at 5-9.

The Court now addresses the underlying Petition.

## II.
## LEGAL STANDARDS

Habeas relief is available when a person "is in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3). Petitioner seeks habeas relief, arguing that he is being unlawfully detained in violation of the Due Process Clause and the INA.

The Fifth Amendment's Due Process Clause prohibits the Government from depriving any person of liberty without due process of law. "Freedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Zadvydas v. Davis*, 533 U.S. 678, 690, 121 S.Ct. 2491 (2001). The Due Process Clause's protections extend to all persons in the United States, including noncitizens, "whether their presence here is lawful, unlawful, temporary, or permanent." *Id.* at 693.

## III.
## DISCUSSION

### A. Due Process Claim

The Court addressed—in a preliminary fashion—the merits of Petitioner's due process claim in its Order Granting Petitioner's Motion for TRO. The Court remains convinced that

Petitioner possesses a protected liberty interest due to his previous release and that, under the three factors outlined in *Mathews v. Eldridge*, 424 U.S. 319, 96 S.Ct. 893 (1976), Petitioner was entitled to notice and a pre-deprivation hearing before being re-detained. The Court, therefore, incorporates the due process analysis contained in its Order Granting Petitioner's Motion for TRO, *see* Doc. 7 at 5-7, and finds that Respondent's failure to provide Petitioner with notice and a pre-deprivation hearing prior to re-detaining him violated his due process rights.

**B. INA Claim**

Given the Court's finding that the Due Process Clause requires Petitioner's release, the Court need not make a determination regarding whether Petitioner's detention is governed by § 1225 or § 1226. However, it is worth noting that in *Santillan Quiroz v. Mullin*, the Tenth Circuit Court of Appeals held that "noncitizens who enter[] the United States and [a]re thereafter detained in the interior of the country" are subject to 8 U.S.C. § 1226(a) and, therefore, entitled to an individualized bond hearing. 180 F.4th 1226, 1237 (10th Cir. 2026). Accordingly, the Court also finds that *Santillan Quiroz* controls here, where Petitioner entered the United States in 2016, was detained by immigration officials in the country and subsequently released by ORR, and re-detained approximately nine (9) years later while still residing in the country. Petitioner's detention is, therefore, governed by § 1226(a).

**C. Remedy**

While Petitioner is entitled to a bond hearing while detained, such a remedy would not adequately address the most concerning violation present in this case—Respondents' initial re-detention of Petitioner in violation of the Due Process Clause. *See, e.g.*, *E.A.T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("[A] post-deprivation hearing cannot serve as an

adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty.").

Several courts analyzing similar facts, including this one, have found that immediate release is the appropriate remedy when the Government's re-detention of someone previously released by ORR violates their due process rights. *See, e.g.*, *Garcia-Domingo v. Castro*, 806 F. Supp. 3d 1246 (at TRO stage, ordering immediate release of petitioner previously released by the ORR and re-detained without a pre-deprivation hearing); *Alfaro Herrera v. Baltazar*, No. 1:25-cv-04014-CNS, 2026 WL 91470 (D. Colo. Jan. 13, 2026) (finding release the appropriate remedy to remedy unlawful re-detention of noncitizen previously determined by the ORR not to be a flight risk or danger); *see also Wamsley*, 795 F.Supp.3d at 1316 (holding that a noncitizen previously released on an order of recognizance had a liberty interest in his continued release, that the *Mathews* factors required a pre-deprivation hearing before any re-detention, and that the appropriate remedy was release); *Valdez v. Joyce*, 803 F. Supp. 3d 213 (S.D.N.Y. 2025) (finding the same); *Faizyan v. Casey*, No. 3:25-cv-02884-RBM-JLB, 2025 WL 3208844 (S.D. Cal. Nov. 17, 2025) (finding, under *Mathews*, that revocation of Petitioner's release on recognizance without an opportunity to be heard deprived him of his due process rights, and ordering his immediate release); *Chipantiza-Sisalema v. Francis*, No. 25 Civ. 5528 (AT), 2025 WL 1927931 (S.D.N.Y. July 13, 2025) (granting noncitizen's request for immediate release when she was re-detained without notice or hearing after previous release on her own recognizance). This Court concludes the same and finds that the only adequate remedy for the violation of Petitioner's due process rights here is his immediate release.

## IV.
## CONCLUSION

For the reasons stated above, Petitioner Rudy Garcia Domingo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**.

**IT IS THEREFORE ORDERED** that Respondents **REMAIN RESTRAINED** from re-detaining Petitioner unless they provide him with notice and demonstrate, by clear and convincing evidence at a pre-deprivation hearing before a neutral arbiter, that he is a danger to his community or a flight risk.

**IT IS FURTHER ORDERED** that Petitioner may submit an application for fees and costs pursuant to the EAJA within thirty (30) days of this Order. Respondents may respond to Petitioner's application no later than fourteen (14) days after the application is filed with the Court.

**IT IS FURTHER ORDERED** that any remaining challenges regarding Petitioner's post-release monitoring or supervision under the Court's Order Granting Petitioner's Motion for TRO are **DENIED AS MOOT**.

There being nothing further to address in this matter, and pursuant to Fed. R. Civ. P. 58(a), the Court will now issue its final judgment disposing of the case.

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that Petitioner Rudy Garcia Domingo's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**. The Clerk's Office may close this civil habeas case.

**IT IS SO ORDERED.**

HONORABLE DAVID HERRERA URIAS
UNITED STATES DISTRICT JUDGE